■ ALLEN AVIONICS, INC., et al., Respondents, v UNIVERSAL BROADCASTING CORP., Appellant, et al., Defendants. — Order of the Supreme Court, Nassau County (Levitt, J.), dated February 17, 1984, affirmed, without costs or disbursements. No opinion. ¶ This action should be tried, as scheduled, on April 2, 1984. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.

■ In the Matter of EDWARD C. KESSELMAN. — Application by Edward C. Kesselman, pursuant to section 690.19 of the rules of this court (22 NYCRR), for an advanced ruling with respect to applicant's past conduct pertaining to his conviction, upon a plea of guilty, to the crime of criminal sale of a controlled substance in the third degree, on March 16, 1977, in the Supreme Court, New York County. The Committee on Character and Fitness for the Second and Eleventh Judicial Districts voted unanimously for the proposition that under the circumstances, the conviction would not, in and of itself, preclude his certification by said committee when and if all other requirements are met. ¶ This court adopts the finding of the committee and finds in favor of the applicant and determines that the above-mentioned prior conviction and the acts committed by applicant which resulted therein, would not operate to disqualify the applicant on character grounds, from being admitted to practice as an attorney and counselor at law in the State of New York. Mollen, P. J., Titone, Lazer, Mangano and Lawrence, JJ., concur.

## (March 20, 1984)

■ JAMES P. MAROHN, Respondent, v JOHN VAN LINDT et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellants suspending petitioner's license as a harness racing trainer driver, pending a hearing, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered February 17, 1984, as vacated their summary suspension of petitioner's license. ¶ Judgment reversed insofar as appealed from, on the law, without costs or disbursements, determination confirmed, proceeding dismissed on the merits and prehearing summary suspension reinstated. ¶ Under the circumstances, and particularly because the stated conditions for the withdrawal of an earlier suspension constituted a *caveat* against the ingestion of drugs, there was sufficient basis for the appellants' finding, pursuant to section 401 of the New York State Administrative Procedure Act, that the public health, safety or welfare imperatively required the emergency action of summary suspension of the petitioner's license pending a hearing (cf. *Matter of Saumell v New York Racing Assn.,* 58 NY2d 231). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.